IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

DOTTIE ANDERSON                                  PLAINTIFF

v.                  No. 4:23-cv-747-DPM

BOBBY MAY, Individually and in
His Official Capacity as Sheriff of
St. Francis County and JOHNNIE
JONES, in her individual capacity                DEFENDANTS

ORDER

1.     Dottie Anderson worked as a jailer at the St. Francis County Sheriff's Department. She says that she was fired in retaliation for speaking out about detainees' conditions of confinement there. Anderson brings a 42 U.S.C. § 1983 claim alleging violations of her First Amendment rights under the United States and Arkansas Constitutions. She also brings a claim under the Arkansas Whistleblower Protection Act. Sheriff May moves to dismiss the official capacity claims against him.

2.     Anderson's § 1983 claims against Sheriff May in his official capacity are really claims against St. Francis County, Arkansas. *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). Sheriff May says that Anderson hasn't alleged any facts pointing to a policy or custom of St. Francis County of terminating purported whistleblowers. The Court agrees. It's true that a single decision of a government

official can constitute an official policy for the purposes of municipal liability. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986). But the Court of Appeals has held that Arkansas law does not give sheriffs final policymaking authority in the employment decisions of sheriff offices because they are subject to review by the quorum court. *Thompson v. Shock*, 852 F.3d 786, 793-95 (8th Cir. 2017).

    **3.**    Anderson's official-capacity AWBA claim proceeds at this stage, though. The AWBA says that a public employer must not take any adverse action against a public employee for reporting violations of the law. ARK. CODE ANN. § 21-1-603(a)(1). An AWBA claim against Sheriff May in his official capacity is really a claim against the county, too. *Smith v. Daniel*, 2014 Ark. 519, at 6, 452 S.W.3d 575, 578-79. And the county is a public employer under the Act. ARK. CODE ANN. § 21-1-602(5)(D). Anderson is correct that the Act doesn't require her to plead facts regarding a policy or custom of terminating purported whistleblowers. Anderson has therefore plausibly alleged an AWBA claim.

    **4.**    Anderson filed suit in August 2023. The docket shows no service on Johnnie Jones. The Court will dismiss the claims against her without prejudice unless Anderson shows timely service or seeks some other relief by 5 April 2024.

* * *

Motion to dismiss, *Doc. 23*, partly granted and partly denied. Anderson's § 1983 claims for violations of her First Amendment rights against Sheriff May in his official capacity are dismissed without prejudice. Her AWBA claim against him goes forward. Any curative amended complaint due by 22 April 2024. Clarification on Johnnie Jones service due by 5 April 2024.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

26 March 2024