IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

DOTTIE ANDERSON                                        PLAINTIFF

v.                       No. 4:23-cv-747-DPM

BOBBY MAY, Individually and in
His Official Capacity as Sheriff of
St. Francis County and JOHNNIE
JONES, in her individual capacity                DEFENDANTS

ORDER

1.     The Court previously dismissed Anderson's § 1983 claims against Sheriff May in his official capacity for violations of her First Amendment rights. It also raised questions about the timeliness of service on Johnnie Jones. Anderson has filed a second amended complaint and responded to the Court's questions about service. May and Jones now move to dismiss some of the claims against them.

2.     Anderson's § 1983 claims against Sheriff May in his official capacity still fail. Anderson hasn't cured the defects the Court noted in its previous Order about her § 1983 claim for violations of her First Amendment rights. *Doc. 30.* She hasn't alleged any facts in her second amended complaint showing that sheriffs have final policymaking authority in the employment decisions of sheriff's offices. *Thompson v. Shock*, 852 F.3d 786, 793-95 (8th Cir. 2017). Her embedded request to certify the issue of whether *Thompson* was wrongly decided to the

Arkansas Supreme Court is denied. Anderson clarifies that she brings no contract claim. *Doc. 39 at 1*. The factual issues there remain in the case solely as a matter of due process.

3. Jones moves to dismiss the claims against her, arguing she wasn't timely served. Anderson doesn't dispute this. *Doc. 37*. She also didn't request more time to serve Jones or show good cause for why Jones hadn't been served by Rule 4's deadline. In the circumstances, Anderson's claims against Jones must be dismissed without prejudice. Fed. R. Civ. P. 4(m). Anderson seeks leave to amend her complaint again, adding Jones to create a new service window. Precedent forecloses this possibility. This kind of proposed amendment would be futile. *Lee v. Airgas Mid-South, Inc.*, 793 F.3d 894, 898 (8th Cir. 2015). Anderson is correct that, unlike in *Lee*, there's no apparent limitations bar here. But *Lee* is clear nonetheless that serial amendments to cure a service problem are not allowed.

\*   \*   \*

Motions to dismiss, *Doc. 34 & 40*, granted. Anderson's § 1983 claims against Sheriff May in his official capacity for violations of her First Amendment rights are dismissed without prejudice. She has also abandoned any contract claim against the Sheriff in his official capacity. Her AWBA and due process claims go forward. Johnnie Jones is dismissed without prejudice as a defendant. Motion to amend, *Doc. 31*, denied.

So Ordered.

*signature*
D.P. Marshall Jr.
United States District Judge

6 June 2024