# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

DOTTIE ANDERSON                                      PLAINTIFF

v.                      No. 4:23-cv-747-DPM

BOBBY MAY, Individually and in
His Official Capacity as Sheriff of
St. Francis County                                DEFENDANT

## PROTECTIVE ORDER

     **1.**    The parties to this action have stipulated through their respective counsel to the entry of this Protective Order pursuant to the Federal Rules of Civil Procedure.

     **2.**    During the course of litigation, the parties have requested certain documents in discovery that contain confidential and personal information pertaining to the parties as well as individuals who are not parties to the case. Those files may contain information that is confidential and not available to the general public. Confidential information, as used in this Order, shall refer to any document or item designated as Confidential or Highly Confidential – Attorneys' Eyes Only. It may include, but is not limited to, information such as social security numbers, driver's license numbers, employee identification numbers, home addresses, telephone numbers,

credit card and bank account numbers, medical records, or other information not available to the general public in which there are legitimate privacy interests. Some items could pertain to security issues for the jail. Generally, any information normally subject to being released under the Freedom of Information Act and that is not covered by an exemption will not be subject to this Protective Order.

  3. If material is designated as confidential, it should have a bates stamp indicating this using the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in a location that does not obscure the writing on the document. Failure to designate any document or material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" when initially served or produced shall not constitute a waiver of the right to subsequently make such a designation for that document or material.

  4. Any confidential information identified in paragraph 2 shall be used solely for the purpose of litigating this action and for no other purpose whatsoever, and shall not be disclosed, given, shown, made available, or communicated to third parties in any way except as stated below in paragraph 5.

5. Any confidential material and the information contained therein shall be disclosed only to the following individuals:

   a. The Court and its staff in this case and in any appeal therefrom;

   b. The named parties in this litigation, including officers and representatives of corporate parties;

   c. Counsel of record for the parties in this case, including in-house counsel responsible for the litigation;

   d. Partners, associates, secretaries, paralegals, and other such personnel employed or retained by or working under the supervision of said counsel who are actively engaged in assisting such counsel in this action;

   e. Outside consultants and expert witnesses (whether designated as trial witnesses or not) employed or retained by the parties or counsel and who are actively engaged in assisting counsel or parties in this action;

   f. Any other person or entity as to whom counsel for the producer or provider of the confidential information agree in writing or on the record, or

whom the Court directs shall have access to such information; and

g. During depositions in this action, any person identified as an author of a designated document, or any person who received or otherwise possessed a copy of such document prior to its production in this action.

6. The parties must comply with Fed. R. Civ. P. 5.2's mandate for redaction, if practicable, before any filing under seal. If an entire page contains information designated as "Confidential," substituting a page marked "Redacted" is an acceptable reaction method. If redaction is impracticable, a party must move for permission to file any information designated as "Highly Confidential – Attorneys' Eyes Only" or "Confidential," and any related motion, brief, or paper containing that material, under seal. The moving party must justify sealing document by document, with specifics and solid reasons, including an explanation about why redaction cannot be done.

7. Counsel must confer in good faith *in person* before bringing any dispute arising under this Protective Order to the Court. A party or any other person objecting shall provide written notice of the dispute to the appropriate party or parties, specifying the materials that are the subject of the dispute. Within thirty days

after an objection, the parties and any other objecting person(s) shall confer in good faith, and in person, to resolve the dispute. If the parties reach an impasse, they must file a joint report explaining the disagreement. The parties fill file this paper under the CM/ECF event called "Joint Report of Discovery Dispute." The joint report must not exceed ten pages, excluding the style and signature block. Each side gets five pages. The joint report must be filed sufficiently before the trial cutoff so that the dispute can be resolved without undermining pretrial deadlines. The parties will alert the law clerk on the case to the joint report's filing. The parties will not proceed on the disputed issue until the Court issues a ruling or schedules a hearing.

8. Nothing in this Order shall be construed as an admission as to the relevance, authenticity, foundation, or admissibility of any document, material, transcript, or other information. Furthermore, by stipulating to the entry of this Order, no party waives any right or objection it would otherwise have in absence of the Order, which does not preclude any party from challenging those objections or following the procedure outlined in paragraph 7.

9. This Order will remain in effect for one year after litigation ends, including any appeal. Thereafter, the obligations imposed shall continue, but shall be solely a matter of contract

between the parties. Counsel for the parties shall be permitted to retain Confidential Material in their files, subject to this Order.

So Ordered.

*WPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

*17 July 2024*