IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

DOTTIE ANDERSON                                              PLAINTIFF

v.                       No. 4:23-cv-747-DPM

BOBBY MAY, Individually and in His
Official Capacity as Sheriff of St. Francis
County                                                       DEFENDANT

ORDER

The parties have filed motions *in limine*. Here are the Court's rulings.

**1. Anderson's Motions**

**1.1 Anderson's Work History**

Partly granted and partly denied. The parties have presented no evidence or argument that Anderson's work history factored into May's decision to fire her. So in general this evidence isn't relevant, and risks confusing the issues. Fed. R. Evid. 401 & 403. But it may be admissible for impeachment. Fed. R. Evid. 608 & 609. And Anderson's familiarity with grievance procedures (without getting into any details about discipline or grievances involving other employers) is relevant.

### 1.2   ADC Records and Voice Stress Analyzer

Partly granted and partly denied. With authentication, and if May lays the proper foundation, Arkansas Department of Corrections' records are likely records of a regularly conducted activity. Fed. R. Evid. 803(6). And May can use them for non-hearsay purposes. Fed. R. Evid. 801. But all these records, of course, must only be used when relevant. Fed. R. Evid. 401.

Voice stress tests are inadmissible in Arkansas courts. Ark. Code Ann. § 12-12-704. Admitting these results risks confusing the issues and prejudicing the jury. Fed. R. Evid. 403. Anderson's request to exclude evidence about the stress test is granted.

### 1.3   Detainee Complaints

Partly granted and partly denied. Detainee grievances are not records of regularly conducted activity. Fed. R. Evid. 803(6). But the grievances, or parts of them, may be used for non-hearsay purposes. Fed. R. Evid. 801.

### 1.4   Anderson's Personnel File

Denied, for the same reasons and with the same limitations as the ADC records addressed in paragraph 1.2.

### 1.5    Undisclosed Witnesses

Partly granted and partly denied. Granted as to voice stress expert testimony. Paragraph 1.2. Granted as unopposed for Judge Jones. Granted as unopposed for detainees who filed grievances against Anderson. But denied as to Kim Lawson-Loveless. May properly disclosed her. *E.g., Doc. 73-5 at 4 & 73-6 at 8.* She can testify.

### 1.6    Harm to Detainees

Granted with directions. The Court previously decided that complaints from non-employees about St. Francis County Detention Center were irrelevant to Anderson's claims, so they weren't discoverable. *Doc. 50 at 2.* It wouldn't be fair to let either side get into them now. But counsel can question witnesses about their personal knowledge of jail conditions and inmate harm. Fed. R. Evid. 602.

## 2. May's Motions

### 2.1    Undisclosed Witnesses

Denied with a caveat. In 2024, May himself identified Massey and Price during discovery. No surprise or unfair prejudice exists. They may testify. Of course if Anderson (or May) offers witnesses or

documents that should have been disclosed in discovery but weren't, and the other party can show prejudice, the Court will almost certainly exclude them.

### 2.2   Undisclosed Evidence

Denied with a caveat, for the same reasons as paragraph 2.1. See 2.7, *infra*, on Terry and Eaves materials and related testimony. All of that is excluded for different reasons.

### 2.3   Undisclosed Damages

Denied with a caveat for Anderson's wage loss and benefits. *Doc. 97 at 4–5*. Anderson can testify about the information she provided May, but no other wage/benefit losses.

Denied as to Anderson's testimony about emotional damages. These damages are difficult to quantify, and not amenable to a Rule 26 calculation. Fed. R. Civ. P. 26; *See, e.g.*, Doc. 151 at 8–9 in *Hooks v. Saltgrass Arkansas, Inc.*, No. 4:21-cv-841-KGB (E.D. Ark. 12 May 2024); *Williams v. Trader Publishing Co.*, 218 F.3d 481, 486 n.3 (5th Cir. 2000).

### 2.4   Medical Causation Testimony

Denied. "A compensatory damage award for emotional distress may be based on a plaintiff's own testimony." *Bennett v. Riceland Foods, Inc.*, 721 F.3d 546, 552 (8th Cir. 2013). Her significant other, her daughter, and her long-time friend may also testify about what they

saw and experienced about how the firing affected Anderson. Fed. R. Evid. 701.

### 2.5   Front Pay and Reinstatement

Granted as unopposed for front pay. Granted, too, for equitable relief with a caveat. This is for the Court to decide, as Anderson notes. *E.g., Gibson v. Mohawk Rubber Co.*, 695 F.2d 1093, 1100 (8th Cir. 1982); *Newhouse v. McCormick & Co.*, 110 F.3d 635, 642 (8th Cir. 1997). The Court will hear whatever Anderson wants to offer about equitable relief outside the jury's presence. The Court will also consider the record as a whole.

### 2.6   Fringe Benefits

Granted as unopposed.

### 2.7   Irrelevant and Prejudicial Evidence

Partly granted and partly denied. Granted for Perry Eaves. Evidence about his death is inadmissible. Eaves wasn't a detainee in the jail during Anderson's tenure. This evidence is marginally relevant. More importantly, it risks confusing the issues plus unfair prejudice based on his death. Fed. R. Evid. 401 & 403.

Granted for Tianna Terry, too. Anderson never saw or complained about any mistreatment of her. *Doc. 62-1 at 6*; Fed. R. Evid. 401 & 403.

Denied for the rest of May's concerns about Anderson's complaints with a caveat. She can testify to events within her personal knowledge. Fed. R. Evid. 602. If Anderson strays from what she knew about, May can object.

Denied for Massey and Price. The Court has already decided that evidence about other employees' terminations is relevant. *Doc. 50 at 1*. The particulars of Massey's termination can be ventilated on cross examination. Those facts go to weight, not admissibility. And Price can testify to what she experienced working as a jailer at the same time as Anderson.

The motion to exclude Anderson's photographs is denied. But if she can't lay a foundation for any particular image, the Court won't admit it.

### 2.8   Legal Conclusions and Speculation

Granted with a caveat. Lay witnesses may not testify to legal conclusions. *Hogan v. American Telephone & Telegraph Co.*, 812 F.2d 409, 411 (8th Cir. 1987). Because one of the remaining legal issues is whether Anderson was retaliated against, she may not testify about whether there was or was not retaliation. And she can testify about what she saw, heard, perceived, experienced and believed; but she can't speculate. Fed. R. Evid. 602 & 701. Given her good-faith-belief burden,

Anderson is entitled to some leeway here. May can explore the "why" and the "how" on cross.

### 2.9   Parties' Financial Conditions

Partly granted and partly denied. To the extent May's motion is unopposed, it's granted. To the extent the parties disagree on the characterization of this case as "one involving an individual against an elected official and the government," the motion is denied. Anderson must stick to the facts, and not risk a verdict affected by sympathy or class-related feelings. Fed. R. Evid. 403. She's correct about the nature of the case.

### 2.10   Dismissed Claims

Granted as unopposed. Applies to all parties.

### 2.11   Witnesses Who Aren't Present

Granted. No party can argue that the other party's failure to call a witness should allow the jury to draw an adverse inference. *United States v. Cook*, 771 F.2d 378, 382–83 (8th Cir. 1985).

### 2.12   Motions and Orders

Granted as unopposed. Applies to all parties.

### 2.13 Retaliation Against Other Employees

Denied without prejudice, for the reasons in paragraph 2.7.

### 2.14 Pursuit of Justice

Granted as unopposed. Applies to all parties.

### 2.15 "Golden Rule"

Granted as unopposed. Applies to all parties.

### 2.16 "Victim" Terminology

Partly granted and partly denied. Referring to Anderson as a "victim" during testimony is argumentative and risks unfair prejudice. Fed. R. Evid. 403. But of course Anderson's counsel may use this term, or any similar term, in closing. It's argument.

### 2.17 "Punitive" Terminology

Granted as to May. The Court will address the punitive damages issues as to Jones in due course.

*

The parties' motions *in limine*, Doc. 85 & 86, are granted and denied as specified.

So Ordered.

*DPMarshallJr.*
D.P. Marshall Jr.
United States District Judge

2 December 2025